AARON A. FISHER *et al.*, Respondents, *v.* CHARLES H. FREDERICKS AND HIRAM MORRIS, Appellants.

*Practice—Service of Process—Non-Residents.*—Where it is intended to serve a party with process, in accordance with the provisions of R. C. 1855, p. 1225, § 18, it must appear affirmatively from the affidavit that the copy of the petition and notice of the suit were served upon the party at some place without this State, and within the United States.

*Appeal from St. Louis Circuit Court.*

This suit was instituted in the St. Louis Circuit Court by plaintiffs against the defendants and appellants, as partners doing business in the city of St. Louis under style of C. H.

Fredericks & Co. There was no affidavit that the defendant Morris was a nonresident. The summons issued July 26, 1859, against both defendants, directed to the sheriff of St. Louis county, and was served on defendant Fredericks July 28, 1859, but as to defendant Morris there was no return by the sheriff. There was filed an affidavit of one Edwin P. Gibson, stating that on the 5th day of August, 1859, he served notice of this suit, with a copy of the petition, on Hiram Morris, the defendant. The affidavit did not state, nor did it from the record elsewhere appear, where defendant Morris was at the time of this service. The defendant Morris did not appear to this suit. After judgment against him by default, he appeared only for the purpose of his motion in arrest of judgment, setting forth that he had no notice of the institution of this suit, and denying also that his person was within the jurisdiction of that court. This motion was overruled and excepted to by said Morris, who thereupon brought his appeal to this court.

*C. F. Burnes*, for appellants.

I. The defendant Hiram Morris was never notified of the institution of this suit, as required by law.

II. It does not appear that defendant Morris, at the time of the commencement of this suit, was residing without this State, or at any place within the United States or their Territories.

III. The Legislature of this State has no power to extend the jurisdiction of its courts beyond the territory of the State; therefore, § 18 of art. 5, chap. 128., 2 Mo. R. C. 1855, is void.

*Jones & Sherman*, for respondents.

I. As to the defendant Morris, the motion in arrest of judgment was rightfully overruled. The service on the defendant Morris was good and sufficient. (R. C. 1855, § 18, art. 5, Practice in Civil Cases.)

II. In the case of defendant Fredericks, the motion to set

aside judgment and for new trial was rightfully overruled. The proof of partnership offered by plaintiff, as admitted in evidence by the court, was in compliance with the statute. (R. C. 1855, chap. 62, § 49.) The sufficiency of the evidence was left to the court sitting as a jury. The appeal in this case is clearly frivolous, and the respondents ask the court for ten per cent. damages, according to law in such cases.

DRYDEN, Judge, delivered the opinion of the court.

The law permitting the notification of an absent defendant by delivery of a copy of the petition with a notice of the suit, contemplates service of the copy and notice at some place without this State, but within the United States or their Territories; and in order to warrant the court in taking jurisdiction of the defendant, it ought to appear affirmatively by the affidavit required that the service was had at a place within the limits prescribed in the act. (R. C. 1855, § 18, p. 1225.) In this case, it neither appears inferentially nor by direct averment in the affidavit, where the service on Morris was had. For aught that can be seen, the service may have been made in Missouri or in Canada, and if in either it was bad.

The return was for this reason insufficient, and the court ought to have set aside the judgment. Let the judgment be reversed and the cause remanded; the other judges concurring.