THOMAS J. VENNUM

*v.*

HIRAM VENNUM.

</div>

1. FORCIBLE DETAINER— *demand.* The grantee of a lessor, prepara-
tory to bringing an action of forcible detainer against the lessee, prepared
this notice : " You are hereby notified that, in consequence of the expira-
tion of your lease, which expired August 22, 1868, also your default in the
payment of the rent of the premises now occupied by you, being lots 2 and
6, in block 11, in the village of Milford, in the county of Iroquois, and State
of Illinois, I have elected to determine your lease, and you are hereby noti-
fied to quit and deliver up possession of the same to me within ten days of
this date." " Dated Milford, August 27, 1868." *Held,* although the notice
contained more than was necessary, it was a sufficient " demand in writing
for possession."

2. SAME— *demand of possession, how proven.* The fact of the delivery
of a copy of the " demand in writing for possession," to the party against .
whom it is proposed to bring such action, can not be proven by an indorse-
ment on the original paper, either by an officer or by a private person,
whether sworn to or not. Service must be proved by a witness.

3. PARTY AS A WITNESS — *evasion of service.* If one party desires the testimony of the other party in the suit, he should procure the attendance of the witness by subpœna, duly issued and served in apt time. Parties are not required to remain in court to await an examination; and even if the party whose testimony is desired should evade service of a subpœna, that would not justify the admission of improper evidence against him.

APPEAL from the Circuit Court of Iroquois county; the Hon. CHARLES H. WOOD, Judge, presiding.

This was an action of forcible detainer, to recover possession of certain premises, brought by Hiram Vennum against Thomas J. Vennum. On the trial the plaintiff introduced in evidence the following written notice:

"Thomas J. Vennum, Esq.: You are hereby notified that in consequence of the expiration of your lease, which expired August 22, A. D. 1868, also your default in the payment of the rent of the premises now occupied by you, being lots 2 and 6 in block No. 11, in the village of Milford, in the county of Iroquois, and State of Illinois, I have elected to determine your lease, and you are hereby notified to quit and deliver up possession of the same to me within ten days of this date.

"Dated MILFORD, *August* 27, A. D. 1868.

"HIRAM VENNUM."

Judgment was rendered for the plaintiff, from which the defendant appeals.

Messrs. BLADES & KAY, for the appellant.

We maintain that the notice in question in this case was not such a demand as is contemplated by the statute. It appears that the lease expired August 22, 1868. The notice bears date August 27, 1868. By the terms of the notice he was to quit the premises within ten days of the latter date. Now, as we understand the law, the lease having expired, he had a present and immediate right of action as soon as the lease

expired, upon making demand.   He could have made demand
on one day, and the next day instituted suit.   Here the time
of occupancy was extended ten days after the service of notice.
The appellee could not have instituted suit within the ten
days.   After the expiration of the ten days the appellant could
not have been placed in default without demand of immediate
possession.   We understand that the statute makes a distinc-
tion between a notice and a demand for present possession.

This action is founded upon tort.   In case of trover, while
the party defendant has the property tortiously, he yet, in
law, is not deemed to have converted it to his own use until
demand made.   In this case the appellant, by the terms of the
notice, was given an extension of time, and we hold that, after
the expiration of the time, a demand was necessary.

Messrs. ROFF & DOYLE, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

Appellee commenced proceedings before a justice of the
peace, to obtain possession of certain premises, under section
1 of chapter 43 of the statutes, entitled " Forcible entry and
detainer."   This case was tried before the justice, and taken
by appeal to the circuit court of Iroquois county.

That court found the defendant guilty, and rendered judg-
ment that the plaintiff have restitution of the premises.   The
appellant brings the case to this court, and has assigned several
causes of error.

On the 22d of August, 1866, Henry J. Fry and appellant
executed a written agreement, by the terms of which Fry
leased certain premises to appellant for two years, and before
the termination thereof, Fry, by good and sufficient deed, con-
veyed the same to appellee.

For the purpose of proving a demand in writing for the
possession of the premises, as required by the statute, the
appellee introduced Dr. Fullenwider, who testified that he had

written two notices similar to the one shown to the witness; that the notice now offered was one of them ; that the constable, Thompson, had returned to him, as the justice in the case, the notice then in court; that it was used on the trial before him, and that he heard appellant say that he had been notified of the proceeding, but he did not say whether the notice was verbal or written. The admission of this evidence was objected to by the appellant and the objection was overruled by the court, and exceptions were then taken.

Appellee then offered in evidence the following notice in writing, to wit :

" Thomas J. Vennum, Esq. : You are hereby notified that in consequence of the expiration of your lease, which expired August 22, A. D. 1868, also your default in the payment of the rent of the premises now occupied by you, being lots 2 and 6 in block No. 11, in the village of Milford, in the county of Iroquois and State of Illinois, I have elected to determine your lease, and you are hereby notified to quit and deliver up possession of the same to me within ten days of this date.

" Dated MILFORD, *August* 27, A. D. 1868.

                              " HIRAM VENNUM."

        [Indorsement.]

" Notice to Thomas J. Vennum : Personally served this writ by delivering copy to Thomas J. Vennum, this 27th day of August, 1868.

                    M. A. THOMPSON, Constable,"
and proved by Dr. Fullenwider that the indorsement on the back of said notice was in the handwriting of M. A. Thompson, and that his signature thereto was genuine. Appellant objected to the admission of said notice and the statement as to the handwriting of Thompson, as evidence, and the court overruled the objection and received the testimony, to which ruling of the court the appellant then excepted.

It is insisted, by appellant's counsel, that the notice offered is not, in form, a demand. We think it is sufficient in form.

28 — 56TH ILL.

It contains more than is necessary, but this will not vitiate. It required the party in possession to "quit and deliver up possession." This is in full compliance with the statute, which requires a "demand in writing for possession."

The proof did not, however, justify the court in receiving the notice as evidence of a demand. In proceedings of this character a demand in writing is necessary. Such a demand can only properly be made by the delivery of a copy to the party in possession. Thompson's indorsement was wholly insufficient to prove the delivery of a copy. Proof of the handwriting did not aid in the slightest degree. No indorsement upon the paper, either by an officer or by a private person, whether sworn to or not, that a copy had been delivered, constitutes proof of such fact. *Ball* v. *Peck*, 43 Ill. 486, 487.

The testimony utterly fails to show that appellant ever had a copy of the demand before the filing of the complaint. This could easily have been proved, if true. It was, too, essential to prove it. Thompson, who, it is assumed, served the demand, or the appellant, to whom a copy should have been given, might have been called to prove that the law had been complied with.

It is said, in the record, that appellant evaded the service of a subpoena, issued after the commencement of the trial, and locked himself in the office of his counsel. The proof fails to show that appellant knew of the existence of the subpoena. He had the right to leave the court room, as he was not bound to be there in obedience to any process or order of the court. Even if he evaded the service, this would afford no excuse for permitting improper testimony. His attendance, if desired, should have been procured by subpoena, duly issued and served in apt time for the trial.

For the errors indicated, the judgment below is reversed and the cause remanded.

*Judgment reversed.*