## F. M. FULKERSON v. A. P. KILGORE.

(Filed Feb. 8, 1901.)

1. WITNESS—*Competency of Wife.* Under the laws of this Territory a wife may testify in a case in which her husband is a party, where she acted as the agent of her husband, concerning the transaction which is the subject matter of the suit, but the fact of such agency must be established before the testimony is offered, and if the fact of such agency is not so established, it is not error for the court to sustain an objection to the testimony of the wife.

2. ACTION UNDER MECHANIC'S LIEN LAW—*Prematurely Brought— Waiver.* While under the provisions of the Mechanic's lien law a party shall not be liable to an action by the contractor, until the expiration of sixty days from the completion of the work, yet, if the action is brought within the sixty days, and the defendant, instead of making objection by proper motion or plea which can be determined before the merits of the case are tried, presents issues upon the merits of the case, and includes within his denial a counter-claim for damages, and also claims a set-off, and asks for a judgment, and proceeds to the trial of the case, upon the merits, he cannot thereafter be heard to assert that the action was prematurely brought.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, District Judge.*

*Tetirick & Rose,* for plaintiff in error.

*Cline & Hill,* for defendant in error.

### STATEMENT OF THE CASE.

On the 18th day of May, 1898, the defendant in error filed his bill of particulars against the plaintiff in error, before F. C. Groos, a justice of the peace of the city of Blackwell, Kay county, Oklahoma Territory, to recover

the sum of $38.00 for work and labor, performed for the plaintiff in error at his special instance and request, to which the defendant filed his answer, (1) denying each and every allegation of said bill of particulars, (2) alleging a failure to perform his contract on the part of the plaintiff, and damage to the defendant in consequence thereof, (3) setting up a claim of set-off on account of goods and merchandise sold the plaintiff which were to be credited on the said work and labor, claiming a balance due the defendant from the plaintiff of $24.07, and for which defendant asks judgment. The cause was tried in the justice's court, and resulted in a judgment for plaintiff in error, and defendant in error appealed to the district court of Kay county where the cause was tried and resulted in a judgment in favor of defendant in error, for $1.00, and costs. Judgment was rendered March 15, 1899, and afterwards, on March 17, plaintiff in error filed his motion for a new trial, which was by the court overruled. Defendant excepts and brings the case here for review.

Opinion of the court by

IRWIN, J.: The first assignment of error urged by plaintiff in error for a reversal of this cause is, that the court erred in rejecting the testimony of the wife of the defendant in the court below.

Now, as a general proposition, under the laws of this Territory, husband and wife are incompetent to testify for or against each other, and they are only permitted to be witnesses for each other in a few excepted cases; and while it is true a wife may testify in a case where her husband is a party to the action, concerning transactions in which she acted as his agent, the fact that she was so

acting as the agent of her husband, is a fact necessary to be established before she is permitted to testify concerning the transactions. The record in this case discloses that at the time she was introduced as a witness concerning the conversation with the plaintiff, Kilgore, no testimony had been introduced, nor had it been shown by her own testimony up to that time, that she had ever acted as the agent of her husband, in this or any other transaction. And, as the defendant, up to that time, had not brought her, by the proof within any of the exceptions of the statute, the general principle which renders her incompetent would prevail, and the objection to the testimony was properly sustained. True, the record shows that at a subsequent period in the trial the defendant took the stand as a witness, and testified that she was acting as his clerk; but, even if this would make her testimony competent, the defendant lost the benefit of it, as he did not then, or at any time thereafter, again offer her testimony.

The second assignment of error is that the court erred in overruling the demurrer of plaintiff in error to the testimony of defendant in error. The evidence shows that the plaintiff in the court below was a contractor, and had several men working under him, and that the work and labor sued for was under a contract to paint a certain building for the defendant, and the defendant below, plaintiff in error here, contends that the mechanic's lien law applies, and that the owner of the building cannot be sued by the contractor until after the expiration of sixty days from the completion of the contract. This statement of the law is no doubt correct, but this court, in the case of the *El Reno Electric Light and Telephone Company v.*

—42

*W. R. Jennison*, 5 Okla. 759, in passing upon this statute, says:

"ACTION ON MECHANIC'S LIEN—*Prematurely Brought— Waiver of Objection.* While the law provides that the owner of property against which it is sought to establish a contractor's lien, shall not be liable to an action by such contractor until the expiration of sixty days from the time of the completion of the work and the furnishing of materials, etc., yet, if an action is brought within the sixty days, and the owner, instead of promptly making objection by proper motion or plea, which can be determined before the merits of the case are tried, presents issues upon the merits of the case, included within his denial and counter-claim for damages, and proceeds to the trial of the case upon the merits, he cannot thereafter be heard to assert that the action was brought too soon."

A reference to the record in this case will show facts, which, under the rule laid down in this case, constitutes a waiver of any right of objection the defendant below may have had, as he appeared in justice's court, made no motion to dismiss because the action was prematurely brought, filed no plea putting this fact in issue, but instead filed an answer to the bill of particulars, raising an issue on the merits, denying the allegation of the bill, and for a second defense claimed that the plaintiff below had not performed his contract in accordance with the terms thereof, and alleged damages in consequence of such failure; and for a further defense the defendant in the court below pleaded a set-off for goods and merchandise sold and delivered to the plaintiff, which were to be credited on the work and labor sued for, and asked for affirmative relief, by way of a judgment for $24.07; and this, we think, under the rulings of this court, is a clear

and complete waiver of the objection raised in the second assignment of error.

The plaintiff in error now contends that as the bill of particulars simply charged an indebtedness for work and labor it did not sufficiently apprise the defendant of the fact that the suit was upon the contract in question but we think that the fact that the bill of particulars charged that it was for work and labor performed for the plaintiff in error, at his special instance and request, it was sufficient notice to the defendant of the character of the action and if he had desired more definite and specific knowledge on the subject, he should have moved to make the bill of particulars more definite and certain. Under all the circumstances we think that the error assigned under the second assignment of error has been waived by the plaintiff in error.

There being no other assignments of error, and the court finding no error in the record, the judgment of the district court is affirmed.

Hainer, J., having presided in the court below, not sitting; all of the other Justices concurring.