O'DONNELL. *v.* WING.

</div>

1. Where goods are shipped "on trial order," with a right to test the same for twenty days, and if at the expiration of that time they are unsatisfactory the goods shipped shall be returned to the railroad to be held at the shipper's disposal; or, if satisfactory, $230 shall be paid therefor, of which $65 is to be cash and the balance in monthly payments, the same is a contract of bailment; the title remains in the bailor; and if before notification of satisfaction the property is destroyed during the twenty days, the loss will fall on the bailor as owner.

2. But if the bailee retains the property after the twenty days, his retention will be equivalent to an expression of satisfaction; the sale becomes absolute, and the holder liable to an action for the purchase-money.

3. Such satisfaction and completion of the sale may likewise result where a person in possession under a " trial order" treats the property as his own, as by a sale to a third person.

4. Where, therefore, it appears that in April, 1901, goods were shipped on such " a trial order," and, after being received, were sold in June, 1901, the purchaser acquired a title good as against the original owner.

5. There was no evidence as to the condition of the instrument at the time it was received by the defendant, and nothing to show what was then or subsequently a fair value for its use ; and it was error to direct a verdict against the defendant for $68 hire.

Argued December 15, 1904.—Decided January 27, 1905.

Trover.    Before Judge Bower.    City court of Bainbridge. June 8, 1904.

Laura L. Wing (doing business under the name of Wing & Son) brought an action against Mrs. O'Donnell for the recovery of a piano and four dollars a month rent.    It appeared that the plaintiff sent to W. P. Jones at Bellwood, Fla., on April 1, 1901, a circular containing instructions : " How to order a piano on trial. Sign and return trial order.    No advance payment is required. We pay all freight, and you will be under no more obligations to keep the piano than if you were examining it in our store or factory."    On the same sheet Jones filled out blank order as follows : " Please ship one Wing Piano as described above, in your own name, with stool and scarf, to Grand Ridge, Fla., with freight prepaid, and send me an order to get it from the railroad agent for trial only.    There is no agreement by me to purchase this piano; but I will allow it to remain in my home on trial for twenty days, and if it proves satisfactory I will pay you $230.00, in the following manner:    $65.00 cash, and $15.00, per month.    If the piano does not prove satisfactory, I will have it boxed as received and return to the depot for your disposal.    I am under no more obligations to keep this piano than if I were examining it in your wareroom.    I am to be under no expense for freights coming or going.    W. P. Jones.    Instruct me when to ship you old instrument."    The plaintiff's evidence tended to show that there was no other contract than that indicated above, and no agreement to accept any old instrument from Jones until after he had tested the piano and it had proved satisfactory to him, and he had com-

plied with the terms of the order by paying the cash payment. No old instrument was received from him. The piano was shipped in accordance with the contract. There was some exception to the testimony of the witness, on the ground that as to a part his information was derived from the books. Mrs. O'Donnell testified that in June, 1901, she heard that there was a man in Bainbridge, where she lived, who desired to sell a piano cheap, and she then purchased it from Mr. Jones, paying him part cash and giving him her note for the balance. The witness for the plaintiff testified that the piano was worth $230 at the time it was shipped, and if kept in the same condition would be of practically the same value at the time of answering the interrogatories. He had not seen the piano since shipment and did not know what its condition was. The value of the piano for monthly hire or rent was about four dollars per month. The court directed a verdict for the plaintiff for the piano in question; and for $4 rent per month, the same amounting to $68. The defendant made a motion for a new trial, on the ground that the verdict was contrary to law, and contrary to the evidence; and alleged error in the admission of testimony stating that the title was in Wing & Son, and of answers which indicated that the witness testified from books rather than his own knowledge. The motion was overruled, and the defendant excepted.

*T. S. Hawes*, for plaintiff in error.    *A. L. Townsend*, contra.

LAMAR, J. (After stating the foregoing facts.) The piano was shipped to Jones on a "trial order." The case is not to be controlled by the question as to whether the defendant paid full value, but by determining whether Jones, in June, 1901, had a title, and the consequent right to sell to Mrs. O'Donnell. On April 1, 1901, he ordered the plaintiff to ship the piano, agreeing to take it on trial for twenty days, and if it proved satisfactory he would pay $230, of which $65 was to be cash and the balance in monthly payments. If the piano did not prove satisfactory, he agreed to have it boxed and returned to the depot to be held at the plaintiff's disposal. This amounted to a bailment, and not a sale. But it is manifest that time was important in determining the status of each party. If during the twenty days, and before he had expressed his satisfaction, the instrument had been

destroyed, the loss would have fallen upon the bailor, as owner. But if, without otherwise expressing satisfaction, Jones had retained the instrument after twenty days (*Newburger* v. *Hoyt*, 86 *Ga.* 508), and it had thereafter been destroyed, the plaintiff would undoubtedly have been authorized to recover the purchase-price of him.    If the title was in him as owner to bear the loss (Civil Code, § 3543), it was in him for purposes of sale.    The "trial order" did not provide for a mere option.    The terms of the agreement were definite.    Nothing more was needed to make the minds of the parties meet so as to complete the sale.    By the expressed language of the order Jones agreed to buy, if, after the twenty days trial, the piano was found to be satisfactory.    That agreement was assented to by the plaintiff when she shipped the instrument.    The question, therefore, of sale or no sale depended upon satisfaction or dissatisfaction to be determined within a given period.    And by retaining the instrument beyond the time limited Jones by his conduct expressed such satisfaction as made the sale absolute.    For a breach of the agreement to pay the cash and monthly balances due by reason of such satisfaction he became liable in an action to the plaintiff, who may yet maintain the same.    Corvallo *v.* Humphreys, 16 East, 330 (1812).

In addition to retaining the piano it appears that Jones sold it to the defendant.    There are cases which hold, that under shipments on trial order the fact that the article so received is sold to a third person is itself such an expression of satisfaction as to complete the sale.    Title then passes from the seller to him who has obtained possession under a trial order with right to purchase on given terms if the property proves satisfactory.    Delemater *v.* Chapell, 48 Md. 253.    On the general subject of trial orders, see 2 Benj. Sales (Corbin's ed.) § 911; 1 Mechem on Sales, 663 et seq.    As to sale or return see *Newburger* v. *Hoyt*, 86 *Ga.* 508; *Ferst* v. *Commercial Bank*, 117 *Ga.* 472.

A witness for the plaintiff testified as to the value of the piano when it was shipped.    He stated that he had not seen it between that date and the time of trial; that if it was in the same condition as when it left the premises, it was worth $230; and that it was worth "about $4.00 for hire."    There was no evidence whatever as to its condition at the time of delivery to the defendant, and no other evidence as to what would have been a reason_

able hire for its use. The court should have sustained that ground of the motion for a new trial based on the direction of a verdict for the plaintiff for $4 a month rent.

*Judgment reversed. All the Justices concur.*