SMITH *et al.* v. TRAVEL.

No. 694, Ind. T.    Opinion Filed March 19, 1908.

(94 Pac. 529.)

1.    **FORCIBLE ENTRY AND DETAINER—Demand for Possession —Proof.**    The service of written demand or notice for the delivery of possession, required by section 3348 of Mansfield's Digest of the Statutes of Arkansas (Ind. T. Ann. St. 1899, section 2282) to be served upon a party against whom an action of unlawful detainer has been brought, cannot be proved by the affidavit of the person who serves such notice, nor by the affidavit or return of an officer indorsed thereon.

2.    **WITNESSES—Husband—Agency for Wife.**    The husband is a competent witness to testify that he acted as agent of his wife.

3.    **SAME.**    The husband may testify for his wife as to any business transacted by him for her as her agent.

(Syllabus by the Court.)

*Appeal from the United States Court for the Central District of the Indian Territory; before Thomas C. Humphrey, Judge.*

Action by Clara L. Travel against B. H. Smith and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

*Fooshee & Brunson* and *Ralls Bros.,* for appellants.
*James R. Wood,* for appellee.

HAYES, J.    This is an action of unlawful detainer, brought by Clara L. Travel against B. H. Smith, Ben H. Smith, T. V. Smith, and J. M. Smith, for the possession of about 280 acres of land situated near the town of Coalgate, Ind. Ter.   The cause went to trial upon the issues formed by plaintiff's amended complaint and defendants' answer thereto, and resulted in a verdict and judgment for the plaintiff for the possession of the land involved in controversy and for damages in the sum of $150.

NOVEMBER TERM, 1907.—VOL. XX. 513

The action of the court first complained of by the plaintiff in his assignments of error is that the court erred in permitting the introduction in evidence of a notice alleged by plaintiff in her amended complaint to have been served upon defendants, demanding that they vacate and deliver possession of certain lands described therein. The only proof that service of such notice was had upon defendants is the testimony of a witness by the name of Wood, who was attorney for plaintiff in the action, to the effect that he prepared said notice to be served on one of the defendants and gave it to a person, whom he does not name, to serve on one of the defendants, and that afterwards he as a notary public swore said person to the return on said notice, all of which testimony was objected to by the defendants; and the further fact there was indorsed on said notice a return by W. W. Bradshaw, deputy United States marshal in and for the Central district of the Indian Territory, to the effect that he served the same on the defendants on the 13th day of January, 1904, at Coalgate, Ind. Ter., which was subscribed and sworn to on the 13th day of January, 1904, before James R. Wood.

Under section 3348 of Mansfield's Digest of the Statutes of Arkansas (Ind. T. Ann. St. 1899, § 2282), it is made necessary for a landlord, who attempts to recover possession of land in an action of unlawful detainer from his tenant who holds over after the expiration of his term, to make demand in writing upon the tenant prior to the time he begins such action for delivery of the possession of the land, possession of which is sought to be recovered. It is further provided by said section that such demand may be made by the person who has the right of possession or his agent or attorney. It is not made the duty of any officer to serve such written demand, and no officer is authorized by statute to serve such notice unless he does so as agent of the person having the right of possession. In order for plaintiff to be entitled to recover in this action it was necessary for her to prove service of such notice or demand in writing upon the defendants prior to

Vol. 20—33

the time of the beginning of this action. Such service should be proved by legitimate testimony. The return of an officer who is not authorized by the express provisions of the law to serve such notice, or the affidavit of an officer or of a private individual who serves the same, is not competent testimony to prove such service. A person who serves the notice, or some other person who has knowledge that such service was made, should be called to prove such facts. *Ball v. Peck,* 43 Ill. 483; *Vennum v. Vennum,* 56 Ill. 430. Since there was no competent testimony introduced by plaintiff, either before or after the introduction of said notice in evidence, that the same had been served upon the defendants prior to the beginning of this action, the admission of said notice in evidence was error.

The defendants complain of the action of the court in permitting Richard Travel, the husband of the plaintiff, to testify that he was the agent of the plaintiff, and as such agent rented the land for the year 1903. This contention is without merit. In the case of *American Express Co. v. Lankford,* 2 Ind. Ter. 18, 46 S. W. 183, which case was affirmed by the United States Circuit Court of Appeals (93 Fed. 380, 35 C. C. A. 353), it was held that the husband is a competent witness to testify that he acted as agent of his wife; and under the laws in force in the Indian Territory at the time this action was tried in the court below a husband could testify for his wife as to any business transacted by him for her as her agent. *Geo. Taylor Com. Co. v. Bell,* 62 Ark. 26, 34 S. W. 80.

Defendants requested the court to instruct the jury that if they found from the evidence that plaintiff was not a member of any tribe or nation of Indians, and was not claiming to hold the land in controversy as a citizen of any tribe or nation of Indians, or if the land in controversy had been segregated as coal land, plaintiff could not recover. There was no evidence whatever introduced to show that said land had been segregated as coal land; hence this court will not consider defendants' contention that the court should have instructed the jury that if said land was segre-

gated coal land plaintiff could not recover, for the reason there is no evidence upon which to base such an instruction. The evidence tends to prove that the defendants occupied the land during the year 1903 as tenants of the plaintiff and under a contract with her, and paid her rents thereon. It is immaterial whether plaintiff was a member of any tribe or nation of Indians, so far as the issues in the trial of this case are concerned, for the reason that defendants, who were occupying said land as tenants of the plaintiff, could not dispute her title thereto in this action without first having surrendered to her the possession of the same, since plaintiff testified that she was the owner of the land, which was not controverted.

Other assignments of error were made by the defendants; but an examination of same discloses that they are without sufficient merit to demand consideration, or that the matters complained of will not likely occur on second trial.

For the action of the court in permitting the introduction of said notice as evidence, this cause is reversed and remanded.

All the Justices concur.