# CHARLESTON.

STATE v. WM. T. EMBLEN.

Submitted June 5, 1909.   Decided December 1, 1909.

1.   CRIMINAL LAW—*Parol Evidence Contradicting Writing.*
     Upon the trial of an indictment for leasing and letting a house to be used as a house of ill-fame, a written instrument, signed and acknowledged by the parties, purporting to be a contract for the sale of the property, relied upon as a defense, may be shown by the state to be a collusive, fraudulent paper executed for the purpose of evading the statute, and, although, on its face, a contract of sale, to be only a colorable and sham sale, not precluding the existence of the relation of landlord and tenant between the parties. (p. 361).

2.   DISORDERLY HOUSE—*Letting House—Evidence—Sufficiency.*
     To avoid the effect of such a paper, the state need not establish, by direct evidence, a separate verbal or written contract or lease. It may be inferred from facts and circumstances, showing the fraudulent intent and purpose of the parties in the execution of the pretended contract of sale. (p. 362).

3.   NOTICE—*Return of Service by Officer—Service of Papers not Within Duty.*

An endorsement upon a copy of the record of a criminal action, purporting to be a return of service thereof upon an individual by an officer, authotrized by law to execute process and serve legal notices, is not evidence of the delivery of such copy to the person named in such endorsement. (p. 362).

4.   SAME—*Return of Service by Officer—Acts Not Within Duty.*

An officer's return is not evidence of the performance by him of acts not within his official duty and powers. (p. 362).

Error to Circuit Court, Ohio County.   .

William T. Emblen was convicted of letting a house to be used as a bawdyhouse, and he brings error.

*Reversed and Remanded.*

*Dovener & Coniff* and *A. G. Fickeisen,* for plaintiff in error.

*William G. Conley, Attorney General,* for the State.

POFFENBARGER, JUDGE.

William T. Emblen complains of a judgment of the criminal court of Ohio county, convicting him upon an indictment and evidence similar to those described in the cases of the *State* v. *Elizabeth Emblen,* 56 W. Va. 678. The property was worth about $2,500.00 and the contract fixed the price at $8,-000.00, to be paid in equal quarterly installments running through six years, and called for the payment, in advance, of interest on the purchase money at the rate of twelve per cent. per annum, in addition to taxes and all other assessments. Vesta Vaughn, the occupant of the house, the alleged vendee, says she paid ten dollars down and generally ten dollars per week thereafter, but occasionally more than that sum. The indictment contains two counts, the first of which charges an unlawful leasing and letting of the property, and the other an unlawful permission of its use. The second is predicated upon permitted occupancy of the property after breach of the condition of the contract.

As evidence of the same character and *quantum* in general was adduced on this trial as that considered in *State* v. *Emblem,* 56 W. Va. 678, and held sufficient to convict, it is obvious that the trial court did not err in refusing to exclude it from the

jury.   The principles declared in that case also sustain the instruction, given for the state, by which the jury were told they should find the defendant guilty, if they believed beyond reasonable doubt he had owned or controlled the house in question and wilfully and knowingly permitted the use of it by the witness Vesta Vaughn as a house of ill-fame and she had actually used and kept it as such.

The court erred, however, in admitting a certain document in evidence to prove knowledge, on the part of the defendant, of the purposes for which the house was used.   The occupant thereof was one Vesta Vaughn.   She had been previously indicted for keeping and maintaining the same house as a house of ill-fame, and, on her plea of guilty, entered in April, 1902, had been fined one dollar.   A copy of the record of her indictment and conviction, bearing the following endorsement: "Executed the within writ, within Ohio county, West Virginia, this 10th day of May, 1902, by delivering a true copy thereof to Wm. T. Emblen.   Wm. J. Lantry, D. S. for W. W. Irwin, S. O. C.," was introduced as evidence, over the objection of the defendant, for the purpose of proving that, a few days before the date of the offense with which he is charged in the indictment, the defendant knew what use the tenant was making of the property.   There was no competent evidence of the delivery of this paper to the defendant, on the 10th day of May, 1902.   It was not a writ or notice, service of which is authorized by a sheriff or a constable as a part of his official duty. In such cases, the return of the officer is sufficient evidence of service, but we know of no principle by which it is made evidence of the delivery of other papers.   In delivering such a paper, the officer performs an act not within his official duty. He is not bound to perform it, and, if he does, he occupies no higher position in doing so than any other citizen would in doing the same act, and the act itself must be proved, if relied upon, in the manner in which it would be proved, if done by a private individual.   An officer's return is evidence of things required by law to be included therein and nothing more.   *Hessong* v. *Pressley,* 86 Ind. 555, 559; *Lindley* v. *Kelley* 42 Ind. 294; Murfree on Sheriffs, secs. 866-7; Wade on Notice, secs. 1361-64.   It is not evidence of service, made outside of the state. *Fisher* v. *Frederick,* 33 Mo. 612.

For the error aforesaid, the judgment will be reversed, the verdict set aside and the case remanded for a new trial.

*Reversed and Remanded.*