BLAND v. PETERS.

No. 1360.   Opinion Filed December 12, 1911.

Rehearing Denied January 23, 1912.

(120 Pac. 631.)

1.   SALES—Recovery of Purchase Price—Action at Law. In an action for the recovery of the purchase price of a milch cow, bought by plaintiff on condition that, if not satisfactory, the animal could be returned, is one at law, in the nature of assumpsit, or for money had and received, and is not a suit in equity seeking to rescind a contract of sale; the return of the animal and the recovery of the purchase money being within the terms of the agreement of sale.

2.   APPEAL AND ERROR—Review—Sufficiency of Evidence. Where there is evidence reasonably tending to sustain the verdict of the jury, a judgment rendered thereon will not be disturbed on appeal.

3.   WITNESSES—Competency—Action by Wife—Testimony of Husband. It is not error to permit the husband of a plaintiff to testify in her behalf on the trial of a civil action, where the evidence discloses that he acted as her agent, with reference to the matters to which her evidence is directed.

(Syllabus by Sharp, C.)

*Error from Custer County Court; A. H. Latimer, Judge.*

Action by Elizabeth Peters against James Bland. Judgment for plaintiff, and defendant brings error. Affirmed.

*Holcombe & Bulow,* for plaintiff in error.

*R. J. Shive,* for defendant in error.

Opinion by SHARP, C.   On September 10, 1908, Elizabeth Peters, defendant in error, hereinafter referred to as plaintiff, commenced this action in the county court of Custer county

against James Bland, plaintiff in error, hereinafter referred to as defendant.

Her petition alleges, in substance, that on July 30, 1908, acting through her husband and agent, George Peters, she purchased from defendant a cow, which was warranted to be a good milch cow, and was sold with the privilege of being returned, if unsatisfactory in said respect; that at the time of said sale it was further agreed that if the cow should be returned for the reasons named, the defendant would then return plaintiff the $25 paid for the cow. Plaintiff took the cow home, and, after keeping her for a few days, discovered that she was not a good milch cow, whereupon the said cow was returned to defendant; that plaintiff then demanded the return of the purchase money, according to the terms of the original agreement; and that defendant refused to return the same. Defendant's answer denied, generally and specifically, the allegations of plaintiff's petition. The cause was tried to a jury, January 26, 1909, and judgment was returned for plaintiff, from which judgment defendant appeals.

It is first urged that the county court had no jurisdiction of the action; the same being a suit in equity for the rescission of a contract. We think counsel for defendant are clearly mistaken in this contention. The action is one at law, arising out of the terms of the agreement made between the parties. The agreement was a sale on trial or approval, in the nature of an option to purchase, if found satisfactory, or a sale or return, if found unsatisfactory. Where property is sold on trial or approval, the title thereto, unless a different intention appears, remains in the seller; the contract is executory, and the title to the property does not pass until the buyer has, expressly or impliedly, manifested his approval or acceptance. Tiedeman on Sales, sec. 213; Mechem on Sales, sec. 657 *et seq.*; 35 Cyc. 289; *O'Donnell v. Wing,* 121 Ga. 717, 49 S. E. 720; *State v. Betz,* 207 Mo. 589, 106 S. W. 64; *Hall et al. v. Brown,* 82 Tex. 469, 17 S. W. 715.

On the other hand, if the understanding of the parties is that the title to the property is to pass immediately to the buyer, subject to the condition subsequent that, if the property does not prove satisfactory in some given respect, it may be returned, then

the transaction is called "a sale or return." Tiedeman on Sales, sec. 213; Mechem on Sales, sec. 675 *et seq.*

For the purpose of a proper determination of this case, it is unnecessary to determine whether the contract was, according to the distinction stated, a sale on trial or approval, or a sale or return, as, in either event, the county court would have jurisdiction; the action being plainly one in the nature of assumpsit, in which plaintiff seeks the aid of the court to recover the price paid for the animal, which she had previously returned, according to the terms of the express contract. *Kimball v. Cunningham,* 4 Mass. 502, 3 Am. Dec. 230; *Stevens v. Lyford,* 7 N. H. 360; *Evans v. Givens,* 22 Fla. 476; *Murphy v. McGraw,* 74 Mich. 318, 41 N. W. 917; 35 Cyc. 606.

It is obvious that one may buy an animal with the understanding that he is to try it before the purchase shall take full effect, or, again, upon a complete present bargain, with the reservation of a right on the buyer's part, to return it at his option, within some period expressed or implied; and the main object of either provision is to give the buyer a chance to test the thing, and find it satisfactory, before he shall finally be bound to the bargain. *Osborne v. Francis,* 38 W. Va. 312, 18 S. E. 591, 45 Am. St. Rep. 859; 35 Cyc. 289.

While the testimony is not altogether satisfactory, and does not support all the allegations of the petition, it did warrant the jury in finding that the plaintiff bought the cow on trial, with the privileges of returning her if she failed to prove a good milch cow. Proof was lacking that there was an express agreement that, upon the return of the cow, the defendant would repay the purchase money; but, in such a contingency, there would arise an implied promise to repay the same. An express agreement for a rescission, or for the return of the property, on the part of the buyer carried with it a rescission on the part of the other contracting party; otherwise a result would follow, as here, where the seller would have both the property sold and the consideration.

The second assignment is likewise not well taken. The petition of plaintiff states a cause of action clearly and succinctly. As

said by Harrison, C., in *St. Louis, etc., Ry. Co. v. Yount, infra,* 120 Pac. 627:

"The common-law rules of pleading and all distinctions in form required thereunder, and all distinctions between actions at law and suits in equity, are abolished by the statutes of Oklahoma, leaving but one form—a civil action—which consists in a statement, in a proper court, of the facts, showing, in plain, ordinary, and concise language, the injury complained of, the redress to which the plaintiff is entitled, the party liable therefor, and concluding with a prayer for the relief sought."

Measured by this proper test, plaintiff's petition embraces every essential required by the statutes and the rules of pleading and practice.

We think the third, fourth, and fifth assignments are not well taken. Section 5842, Comp. Laws 1909, provides that a husband or wife may testify for or against the other in transactions wherein one acts as agent for the other. It was not error to permit the husband of plaintiff to testify on the trial in her behalf, where the evidence disclosed that he acted as her agent, with reference to matters to which her evidence was directed. *Armstrong-Byrd & Co. v. Crump,* 25 Okla. 452, 106 Pac. 855.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.

All the Justices concur.