## OKLAHOMA NATURAL GAS CO. v. CRENSHAW.

No. 11269—Opinion Filed June 19. 1923.

Rehearing Denied July 24, 1923.

1. **Witnesses — Hu band and Wife — Competency as Witness in Civil Action.**

Husband and wife are incompetent as witnesses for or against each other in civil actions except as provided in the third subdivision of section 589, Comp. Stats. 1921, and under the first exception in said subdivision the agency must be one in fact, and not merely an unexpected and unauthorized assumption of that relation resulting solely from the marital relation.

2. **Same—Erroneous Admission of Testimony—Agency of Wife.**

The mere fact that a wife acted as bookkeeper for husband, and habitually answered telephone calls, did not constitute her his agent to bind him in matters of contract, and where on a material issue in a case the evidence is conflicting as to whether a husband suspended certain work under a contract voluntarily or at the direction of the other party, the admission of the testimony of the wife, over objection to her competency, that she accepted for her husband over the telephone a direction from the other party for the suspension of such work, is prejudicially erroneous.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Payne County; Arthur R. Swank, Judge.

Action by L. A. Crenshaw against Oklahoma Natural Gas Company to recover damages for breach of contract. Judgment for plaintiff, and defendant brings error. Reversed.

On July 31, 1918, plaintiff and defendant entered into a contract by which plaintiff agreed and undertook to lay for the defendant an eight-inch gas pipe line in Payne county, Okla. By the terms of said contract defendant was to furnish the pipe and all other material going into the construction of said pipe line to the town of Ripley, Okla., or to a point of equivalent haul, and work under said contract should be prosecuted with diligence to completion. Plaintiff alleged that defendant failed to furnish the pipe as it had agreed to do, and that by reason thereof he suffered damage in the sum of $8,402.71, the details of which are particularly set forth in plaintiff's petition. The answer of the defendant admitted its corporate existence and denied generally the allegations of plaintiff's petition. There was trial to a jury which resulted in

a verdict in favor of the plaintiff for the sum of $7,000, and judgment was rendered accordingly. From the judgment so rendered, after unsuccessful motion for new trial, defendant has brought the case here by petition in error with case-made attached.

Ames, Lowe & Richardson, for plaintiff in error.

Higgins & Burton, for defendant in error.

Opinion by LOGSDON, C. Plaintiff in error assigns five grounds of error, but all are presented under two propositions in the briefs and arguments. These propositions are:

"First: That the court erred in admitting evidence on the part of Crenshaw over the objections and exceptions of the plaintiff gas company.

"Second: That the court erred in refusing certain instructions requested. by the gas company, and in giving certain instructions to the jury over the objections and exceptions of the gas company."

The action of the court complained of, and presented under the first proposition, is the admission of the testimony of Mrs. L. A. Crenshaw over the objection of plaintiff in error that she was incompetent as a witness on behalf of her husband.

It is provided by section 589, Comp. Stats. 1921, that certain persons shall be incompetent to testify. The third subdivision reads:

"Husband and wife, for. or against each other, except concerning transactions in which one acted as the agent of the other, or when they are joint parties and have a joint interest in the action; but in no case shall either be permitted to testify concerning any communication made by one to the other during the marriage, whether called while that relation subsisted, or afterwards."

It is insisted on behalf of plaintiff in error that under the facts of this case the witness is not brought within the first exception. contained in the above statute. Defendant in error with equal confidence contends that she is. Numerous decisions of this court are cited to sustain each contention, and since it would be an anomalous situation for this court to have taken both sides of the same question, it becomes necessary to examine and distinguish the authorities cited, if they show an apparent conflict.

Such examination discloses that the first case cited by plaintiff, Nix v. Gilmer, 5 Okla. 740, 50 Pac. 131, was under the old statute which contained entirely different provisions from section 589, supra.

Other cases cited by plaintiff and defendant, and still others examined by the writer but not cited in briefs, where applicable, show that the decisions of this court on this question may be grouped under three general classifications, as follows: (1) Where the agency of husband or wife is shown in relation to a particular transaction, the witness is then competent; (2) Where one acted in the absence of the other in protecting interests in or about the home, the witness is then competent. (2) Where one special agency is shown and the act relied on to show agency amounts merely to one of the usual and customary acts common to the marital relation, the witness is then incompetent. Thus examined and segregated into groups, it is found that there is no conflict in the decisions of this court under section 589, supra.

Falling under the first classification are: Western Nat. Life Ins. Co. v. Williamson-Halsell-Frasier Co., 37 Okla. 213, 131 Pac. 691; Brownell v. Moorehead, 65 Okla. 218, 165 Pac. 408; Boggs v. Shoenfelt, 71 Oklahoma, 176 Pac. 511; Smith v. Travel, 20 Okla. 512, 94 Pac. 529; Bland v. Peters, 30 Okla. 798, 120 Pac. 631; Lowman v. Blaine County Bank, 40 Okla. 519, 139 Pac. 952; State Nat. Bank v. Scales, 60 Okla. 225, 159 Pac. 925; Armstrong, Byrd & Co. v. Crump, 25 Okla. 452, 106 Pac. 855; Stewart v. Riddle, 76 Okla. 70, 184 Pac. 443. The first of these cases is illustrative. The testimony showed that the wife assisted in taking the inventory of the insured property; that her husband called off the articles and the price, and she took them down in a book; that she took care of the book, and that after the fire she delivered it to the agent of plaintiff at her husband's direction. Upon these facts it was held that the wife was acting as agent for her husband in the particular transaction involved.

Under the second classification are: McDonald v. Cobb, 52 Okla. 581, 153 Pac. 138; State Mut. Ins. Co. v. Green, 62 Okla. 214, 166 Pac. 105; Calloway & Son v. Wrench, 73 Oklahoma, 175 Pac. 209. Illustrating this group, in the first of these cases the plaintiff was away from home, and in his absence defendant's hogs trespassed on plaintiff's property and destroyed a portion of his corn. His wife endeavored to protect the property against the hogs, and upon the trial testified in reference to these matters. She was held to be a competent witness for this purpose.

Under the third classification are: Fish v. Bloodworth, 36 Okla. 586, 129 Pac. 32; Sands v. David Bradley & Co., 36 Okla. 649, 129 Pac. 732; Thomas v. Halsell, 63 Okla. 203; 164 Pac. 458; Johnson v. Walters, 59 Okla. 233, 158 Pac. 914; Wade v. Sumner, 30 Okla. 784, 120 Pac. 1011; St. Louis & S. F. Ry. Co. v. Bloom, 39 Okla. 78, 134 Pac. 432; Fulkerson v. Kilgore, 10 Okla. 655, 64 Pac. 5; Muskogee Electric Traction Co. v. McIntire, 37 Okla. 684, 133 Pac. 213; Smith et al. v. Chicago, R. I. & P. Ry. Co., 42 Okla. 577, 142 Pac. 398; Guthrie v. Mitchell, 38 Okla. 55, 132 Pac. 138. In the first of these cases the principle is thus illustrated:

"But what was the 'transaction' concerning which the husband proposed to testify in this case? It was not the transaction between the plaintiff and the defendant. He did not claim to have acted as her agent in that respect. It was not any aspect of the business which he transacted for her, but it was merely a conversation with the cashier of the bank. The cashier testified that the plaintiff admitted to him that she signed the written authority, while the plaintiff denied the admission, and the transaction in which her husband acted as her agent was to hear this denial and corroborate her testimony at the trial."

After reviewing a number of authorities the court concluded:

"We think the case comes within the reasoning of the last cases cited, and that the husband was not the plaintiff's agent concerning any transaction, and that therefore his testimony should not have been admitted."

Touching her agency and the resulting competency as a witness for her husband, Mrs. Crenshaw testified:

"Q. Tell the jury your name. A. Mrs. L. A. Crenshaw of Cushing. Q. In the month of July or August, were you doing anything for Mr. Crenshaw? A. Keeping the books and tending to all telephone work. Q. How long had you been doing that? A. About seven years. Q. When Mr. Crenshaw was away from home, what did you do with reference to taking notes on telephone calls? A. Tending to all business."

This is every word of her testimony touching her competency as a witness. No one would contend for an instant that keeping books would constitute one an agent concerning matters of contract. It is a matter of common knowledge, and so trite as scarce to need mention, that the wife in the home answers the telephone habitually. Because she happens thus, and unexpectedly, to receive a communication intended for her husband concerning a matter of contract as to

which she has no authority to bind him, is she thus made competent to bind the other party by her testimony? The mere statement of the proposition inherently gives a negative answer.

In this case plaintiff alleged in his petition, and testified in support thereof, that defendant directed him to suspend work under the pipe line contract while he was engaged in taking up pipe at Sapulpa under a second contract. This was denied by defendant, and its testimony tended to support the denial. In this condition of the record Mrs. Crenshaw was permitted to testify, over objections as to her competency, as follows:

"Q. Did you receive any telephone call on behalf of Mr. Crenshaw from the Oklahoma Natural? A. Yes, sir; Mr. Porter called me on August 28th. Q. What did Mr. Porter say to you in that conversation? A. He said that Mr. Crenshaw had been given the contract to take up the 8-inch line in Sapulpa, and I thanked him and said he would be glad for his men here hadn't had any pipe in the Stillwater line. He asked me if I thought he could move his men at once and begin work on the line. I said yes."

The Mr. Porter referred to in this testimony was division superintendent of defendant. There was a conflict of testimony upon this point, and the jury was required to determine on which side lay the preponderance. The language of Mr. Justice Williams in the case of Guthrie v. Mitchell, supra, is very pertinent here:

"When a case is tried to a jury and the evidence is conflicting, we do not understand that such admission of incompetent evidence operates as harmless error because other evidence which was competent was introduced by plaintiff to the same effect, for it may be that the evidence of the husband turned the scale of preponderance in favor of the wife. Under this record, we are forced to reverse this case on account of the admission of the evidence of the husband."

It follows from what has been said that the admission of the testimony of Mrs. L. A. Crenshaw, over objections to her competency as a witness, was prejudicial error which requires a reversal of this case.

Plaintiff's second proposition presents the question of the correctness of the court's instructions to the jury, and error of the court in refusing certain requested instructions. As the case must be tried again, and the error thus complained of are not likely to be repeated, it is deemed sufficient here to suggest that the instructions of the court on the former trial wholly ignored the

theory of the case presented by defendant's testimony. It is the duty of the court to instruct the jury fairly upon every theory of the case which the evidence reasonably tends to support. New et al. v. Bradshaw, 89 Okla. 205, 214 Pac. 557; Menton v. Richards et al., 54 Okla. 418, 153 Pac. 1177; Holmboe v. Neal, 69 Okla. 183, 171 Pac. 334; Oklahoma Ry. Co. v. Christenson, 47 Okla. 132, 148 Pac. 94; Spurrier Lumber Co. v. Dodson, 30 Okla. 412, 120 Pac. 934; Mountcastle v. Miller, 66 Okla. 40, 166 Pac. 1057.

For the reasons above stated the judgment complained of herein should be reversed with directions to the lower court to grant a new trial herein.

By the Court: It is so ordered.