## GENERAL ACC. FIRE & LIFE ASSUR. CORPORATION, Limited, v. LA FAIR.
### (No. 3378.)

Court of Civil Appeals of Texas. Texarkana.
April 7, 1927.

1. Master and servant ⬙417(4½)—Statutory notice of refusal to abide by determination of Industrial Accident Board is essential (Workmen's Compensation Law [Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44]).

In order to bring suit in court, injured employee was bound by Workmen's Compensation Law (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44) to give notice that he was not willing and did not consent to abide by the final ruling and decision of the Industrial Accident Board, under Workmen's Compensation Law (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.), within 20 days after it was made.

2. Evidence ⬙318(7)—Sheriff's indorsement that he served notice of employee's refusal to abide by determination of Industrial Accident Board held hearsay as to employer's insurer.

The sheriff having no duty to serve notice of injured employee's refusal to abide by the final ruling and decision of the Industrial Accident Board on his claim, sheriff's indorsement that he served such notice on the Industrial Accident Board held mere hearsay as to employer's insurer and inadmissible.

3. Master and servant ⬙417(4½)—Serving notice of refusal to abide by determination of Industrial Accident Board is no part of sheriff's duties.

It is no part of the duties of a sheriff to serve notice that injured employee is not willing and does not consent to abide by the final ruling and decision of the Industrial Accident Board on his claim.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Suit by Fred La Fair against the General Accident Fire & Life Assurance Corporation, Limited. From a judgment in favor of plaintiff, defendant appeals. Reversed and remanded for new trial.

King & Wood and H. G. Butts, all of Houston, for appellant.

Cline & Waugh, Adams & Perkins and W. M. Johnson, all of Houston, for appellee.

WILLSON, C. J. December 22, 1924, appellee, Fred La Fair, suffered injury to his

person in the course of his employment as an employee of the Ford Motor Company, of Houston, a "subscriber" within the meaning of the Workmen's Compensation Law (articles 5246—1 to 5246—91, Vernon's Statutes, 1918 Supp.); and May 7, 1925, the Industrial Accident Board determined he was entitled to receive $1,553.93 of the appellant assurance corporation, insurer, as compensation for such injury. Appellee was not willing to abide by the decision of said board, and on May 16, 1925, commenced this suit against appellant to recover $8,020 which he claimed he was entitled to under said law. The appeal is from a judgment in his favor for $6,-784.78.

[1, 2] By the terms of the Workmen's Compensation Law it was indispensable to a right in appellee to have the trial court to hear and determine this suit that within 20 days after the final ruling and decision of the board on his claim he gave notice to the board that he was not willing and did not consent to abide by such ruling and decision. Article 5246—44, Vernon's Stats. 1918 Supp.; Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084. In his petition appellee alleged that he gave such notice to the board, and at the trial the court, over appellant's objection, permitted him to prove the allegation by an indorsement as follows, on such a notice in writing:

"Came to hand May 11, 1925, and executed May 11, 1925, by serving the Industrial Accident Board, Austin, Tex., Travis county, by delivering to E. B. Barnes, secretary of the board, in person, a true copy of this notice. [Signed] W. D. Miller, Sheriff Travis County, Tex., by T. O. Fox, Deputy."

The ground of the objection to the admission of the indorsement as evidence was that serving the notice was not a part of the sheriff's official duty, and that the indorsement therefore was not the best evidence of such service, but was mere hearsay as to appellant. We think the objection should have been sustained, and (there being no other proof of such notice) that the admission of the indorsement as evidence was error requiring a reversal of the judgment.

[3] We have not been referred to and have not found anything in the law applicable to the case making it the duty of the sheriff as such to serve the notice. If, as seems to have been the case, his act in doing so, if he did, was a voluntary one, his indorsement on the notice was no more evidence of service thereof on the board than it would have been had he not been sheriff. That such an indorsement, if made by a private person, would be inadmissible as evidence, because hearsay, is clear. Byers v. Wallace, 87 Tex. 503, 28 S. W. 1056, 1060, 29 S. W. 760; Smith v. Travel, 20 Okl. 512, 94 P. 529; State v. Emblen, 66 W. Va. 360, 66 S. E. 499.

We do not agree with appellant that findings of the jury on which the judgment was based were without support in the evidence. Nor do we agree that the trial court erred in giving and refusing instructions as charged by appellant.

The judgment is reversed, and the cause is remanded for a new trial.