## WOOD et ux. v. LIVINGSTON et ux.

No. 11670—Opinion Filed Oct. 23, 1923.

### Witnesses—Competency of Wife to Testify for Husband.

In the absence of any question of agency, where the wife has no joint interest in the action, she is incompetent to testify for her husband; and the fact that she is joined with her husband as a party plaintiff does not make her a competent witness if, in fact, she has no joint interest in the action.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from County Court, Oklahoma County; W. R. Taylor, Judge.

Action by T. S. Livingston and Mrs. T. S. Livingston against Catherine Wood and Jerry Wood. Judgment for plaintiffs, and defendants appeal. Reversed.

Charles H. Garnett, for plaintiffs in error.

Clarence W. Myers, for defendants in error.

Opinion by RAY, C. The husband and wife were joined as plaintiffs but had no joint interest in the action, and the court committed reversible error in permitting the wife to testify over objections properly made. It is an action for damages for breach of a written contract of sale of certain rooming house furniture and fixtures entered into by Mrs. Catherine Wood, one of the defendants, and T. S. Livingston, one of the plaintiffs. While it is alleged in the bill of particulars that the contract was entered into by and between Mr. and Mrs. Wood on the one part, and Mr. and Mrs. Livingston on the other part, the written contract introduced in evidence by the plaintiffs, and upon which they relied for recovery, was a contract between Catherine Wood of the first part and T. S. Livingston of the second part and signed by them only. It cannot be concluded from the plaintiffs' evidence that either Mrs. Livingston or Mr. Wood were considered parties to the contract at the time it was entered into. Mrs. Livingston was present when the sale was agreed upon and the contract written and signed, but was not made a party to the written contract, and did not sign it. The written agreement shows that Mrs. Wood sold T. S. Livingston the rooming house furniture on the 9th day of September, 1919, for $1,875. Livingston paid $100 at the time and agreed to pay the balance on the 15th, six days later, at which time Mrs. Wood was to execute and deliver a bill of sale to the furniture, and a lease of the real property for $75 per month rental. The question for the jury was whether the contract was breached by Mrs. Wood or Mr. Livingston. As touching those incidents indicating that the contract was breached by Mrs. Wood, Mrs. Livingston was the principal witness. There can be no doubt that the verdict for the plaintiffs and against the defendants was largely influenced by the testimony of Mrs. Livingston, who was not a competent witness under section 589, Comp. Stat. 1921, which provides that the husband and wife are incompetent to testify for or against each other "except concerning transactions in which one acted as agent for the other, or when they are joint parties and have a joint interest in the action." It is not conceivable that it was the intention of the Legislature that the husband should be permitted to make the wife a competent witness to testify in his behalf, where she was otherwise not competent, by the very simple process of joining her as a party plaintiff. In order for the wife to be a competent witness for her husband it is just as essential that she should have a joint interest in the action as that she be a joint party to the action; and this court has so held in Guthrie v. Mitchell, 38 Okla. 55, 131 Pac. 138. The only evidence in the case tending to show that Mrs. Livingston had a joint interest in the action is contained in the following questions and answers:

"Q. You are one of the plaintiffs in this case? A. Yes, sir; and I want to say that it was my own personal money that was to be used in the buying of this rooming house. Q. Mr. Livingston was acting as agent for you in making this contract? A. Yes, sir."

It is solely upon this testimony of Mrs. Livingston that the defendants in error make their contention that she had a joint interest in the action. The plaintiffs' claim for damages rested upon the $100 of T. S. Livingston that was paid at the time the contract was made, and not upon the money Mrs. Livingston expected to put into it.

Other questions presented are not likely to arise on another trial and will, therefore, not be considered.

The judgment should be reversed and a new trial had.

By the Court: It is so ordered.