**BUCHANAN v. HEENEY, Ex'x.**

No. 21982.    March 6, 1934.

R. E. Wood, for plaintiff in error.

Conner & Conner, for defendant in error.

RILEY, C. J.  This is an appeal from a judgment in an action of unlawful detainer.

John B. Stites was the owner of the premises in controversy. He leased them for the year 1929 to Carl Meeker. The lease contract was in writing. Meeker assigned to plaintiff in error, who farmed the land for that year. After the expiration of the lease, Buchanan claimed to have an oral agreement for a lease for the year 1930. Stites denied the oral agreement, and on or about January 4, 1930, served written notice on Buchanan to deliver possession. He refused to do so, and this action was commenced before a justice of the peace. Judgment in the justice of the peace court was for plaintiff, and defendant appealed to the district court, where trial de novo was had to a jury, and judgment was there rendered for plaintiff, and Buchanan prosecutes this appeal. Pending the appeal plaintiff, Stites, died, and the action has been revived in the name of Myrtle Forrest Heeney, executrix of the estate of John B. Stites.

Substantially, the only question urged by plaintiff in error is that the verdict and judgment is not sustained by the evidence. He contends that, "by some misconduct, caprice, prejudice, or unknown misadventure or animadvertence, the jury very promptly ignored the instructions of the court and the evidence on the case and returned a verdict of 'guilty' against the defendant."

The case was submitted to the jury upon the single question of fact as to whether the oral contract was made. The court instructed the jury that it was incumbent upon the plaintiff to prove his case by a preponderance of the evidence. Upon the question of fact, a greater number of witnesses, some of whom asserted that they were disinterested, testified for defendant. But the court in this case, as is generally done, instructed the jury that "preponderance of the evidence does not mean, necessarily, the greater number of witnesses, but the great weight of competent credible testimony."

Defendant's counsel agreed to the correctness of the instructions in the following language: "I think the instructions are all right." It is well settled that a verdict of a jury will not be set aside upon appeal, where there is any evidence reasonably tending to support the same. It does not necessarily follow, where a greater number of witnesses testify for one or the other side upon a material question of fact, that the

jury is bound to render its verdict in accordance therewith. It is for the jury to determine from all the facts and circumstances in evidence where the preponderance lies. This court will not, upon appeal, substitute its judgment for that of the jury.

Plaintiff in error complains because the trial court refused to admit testimony of his wife as to a conversation had with the landlord in the presence of plaintiff in error. He took the position that his wife was acting as an agent at the time. However, he saved no exception to the ruling of the court and the question is not properly presented here, and if it were the ruling of the trial court would probably be sustained. It is well settled that the wife may not qualify as a witness for the husband in a civil action by claiming to act as agent for her husband when the husband is present in person and acting for himself.

There being no error, the judgment is affirmed.

CULLISON, V. C. J., and ANDREWS, OSBORN, and BUSBY, JJ., concur.