## GREEN v. BLANCETT et al.

No. 26913. March 30, 1937.

Minton & Minton, for plaintiff in error.

T. R. Wise, for defendants in error.

PHELPS, J. The plaintiff and his wife sued his mother-in-law to have certain deeds formerly executed by them to her declared a mortgage. The judgment was for plaintiffs, and the defendant, in appealing, does not question the sufficiency of the evidence to sustain the judgment.

Defendant's first contention is that the trial court erred in admitting the testimony of the plaintiff husband, citing the third paragraph of 12 Okla. St. Ann., sec. 385, (sec. 272, O. S. 1931), which makes the husband or wife incompetent to testify for or against each other, except in transactions in which one acts as the agent of the other or when they are joint parties and have a joint interest in the action. As support for this argument the defendant directs attention to the fact that the property stood of record in the name of the plaintiff wife, who had inherited it from her father, and that therefore the plaintiff husband, though named a party plaintiff, had no joint interest in the action and had not acted as the agent of the plaintiff wife, and was therefore incompetent to testify.

The mere joining of a husband or wife with the other, as a plaintiff, in the petition, does not render him or her competent to testify. Wood v. Livingston, 93 Okla. 72, 219 P. 377. He or she, as the case may be, must in fact have a joint interest in the action or must have acted as the agent of the other, and such must be shown by the evidence. And by the same token, if the husband had a joint interest with his wife in the present action he was competent to testify.

It appears that he joined with her in the execution of the deeds to defendants, signing them as one of the grantors. On their faces they purported to be warranty deeds. If they were deeds in fact and law, then he was jointly with his wife bound by the warranties therein. Those warranties in what appeared to be outstanding deeds could become liabilities of a substantial nature, depending upon events and developments. Under the principles announced in Turner v. Nicholson, 143 Okla. 45, 287 P. 396, though the analogy is not perfect, he had such an interest here as would entitle him to testify. In the first paragraph of the syllabus in that case we said:

"The plaintiff sued a married woman in ejectment to recover certain lands. The defendant answered claiming title through a deed from plaintiff to defendant's husband and deed by him to her. The plaintiff replied that the purported deed from her to the husband of defendant was a forgery. The defendant served notice on her husband of the pendency of the suit, and requested him to defend the warranty in his deed to her. Held, that in this situation the husband could testify to circumstances tending to show the deed to him was not a forgery."

The basis of his competency in that case

484

was said to be his interest in the action arising from his warranty. However, it should be observed that in that action he had been put on notice to defend his warranty, while here he had not expressly been put on notice, though by her pleadings the defendant asserted in legal substance that he had warranted the title, in that he had executed to her a warranty deed or deeds. See, also, West & Russell v. Rawdon, 33 Okla. 399, 130 P. 1160, and cases summarized under note 33, 12 Okla. St. Ann., sec. 385.

If the deeds were in fact but a mortgage, supported by a debt owed jointly by him and his wife (as found by the trial court), then that situation carried along with it a personal liability of his own, and he was a proper party, if not a necessary party, with a real and substantial present interest in any action determining that liability or the state of the title. In fact, the journal entry of judgment finds and adjudges that jointly with his wife he is indebted to defendant in a certain stated sum, being the unpaid balance on the mortgage which the deeds were construed to constitute. That being the case, by paying the small remaining balance due thereon he could rid himself of contingent liability on the warranties contained in the purported deeds, and to that extent at least he was jointly interested with his wife and was not within the disqualification imposed by the statute.

The defendant next complains of the refusal of the trial court to grant a new trial for newly discovered evidence. The evidence was set forth in affidavits of certain proposed witnesses and attached to the motion for new trial. Examination reveals that the proposed testimony would have been almost entirely of an impeaching nature. Furthermore, there was no showing by defendant that with diligence this same evidence could not have been discovered before trial. It is fundamental that such showing be made, and the class of newly discovered evidence which may entitle one to a new trial does not, ordinarily, include that which would merely impeach that which has already been considered at the trial.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and CORN and GIBSON, JJ., concur.