**LAKE v. BRIDGES et al.**

No. 27090. May 25, 1937.

Rehearing Denied July 13, 1937.

J. W. Clark and Joe Ralls, for plaintiff in error.

W. H. Parker, Tom W. Smith, and Utterback, Stinson & Utterback, for defendants in error.

OSBORN, C. J. This action was instituted in the district court of Atoka county by Al Lake, hereinafter referred to as plaintiff, against A. J. Bridges and numerous other defendants, wherein plaintiff, as the record owner of certain real property, sought to have his title thereto quieted against certain tax deeds. On March 26, 1935, judgment was entered in favor of plaintiff decreeing the cancellation of the tax deeds. On May 28, 1935, defendants filed a motion for a new trial on the ground of newly discovered evidence. On October 14, 1935, the motion was sustained, the judgment was vacated, a new trial was granted, and plaintiff appealed.

The property was offered for sale at the annual sale for delinquent taxes held on November 5, 1928. The county was the purchaser and deeds were subsequently issued to the county by the county treasurer. The property was transferred to defendants by deed from the chairman of the board of county commissioners. In its judgment of March 26, 1935, the trial court found that the sale was invalid for the sole reason that notice of the sale had been published for only 18 days, which, under the provisions of, section 12741, O. S. 1931, was insufficient. In this connection, an affidavit of the publisher had been introduced in evidence which showed that notice of the sale was published on October 18, October 25, and November 1, 1928. No proof of publication was on file in the office of the county treasurer and the affidavit used as evidence was attached to the publisher's claim for his fees and was of record in the county clerk's office. In the motion for new trial it was alleged that through inadvertence or mistake the publisher of the newspaper had made an erroneous proof of publication and that the notice was in truth and in fact published in the issues of said newspaper for October 11, October 18, October 25, and November 1, 1928. It was further alleged that defendants did not discover said error or oversight until May 25, 1935. Attached to the motion was the affidavit of the publisher to the effect that the publication

was actually made on the dates above stated. The motion was filed during the term at which the judgment was entered, but no order was made thereon until the following subsequent term of the district court. After a hearing on the motion for new trial the trial court entered its findings as follows:

"That this case was determined upon the issues joined, that is, whether the annual delinquent tax sale for the year 1928 was published as required by law, and the court did not determine the other allegations in said petition in regard to the invalidity of the tax deed, because it was not necessary, as the evidence offered by the plaintiff shows that said delinquent tax sale was not published but 18 days. * * *

"The court further finds that said annual delinquent tax sale for the year 1928, was published on October 11, 1928; October 18, 1928; October 25, 1928, and November 1, 1928, and that if this evidence had been introduced on the trial of said case the decision of the case on this particular allegation would have been different and the court would have gone into and determined the other allegations in the petition, to determine whether the tax deed was invalid for other reasons."

The rule recognized by this court in numerous cases regarding the granting of new trials on the ground of newly discovered evidence exacts that the evidence must be such as will probably change the result; it must have been discovered since the trial; it must be such as could not have been discovered before the trial by the exercise of due diligence; it must be material to the issue; it must not be merely cumulative to the former evidence; it must not be to merely impeach or contradict former evidence. See Missouri, K. & T. R. Co. v. Embrey, 168 Okla. 433, 33 P. (2d) 481 (cert. denied 293 U. S. 603, 55 S. Ct. 119, 79 L. Ed. 695) and cases cited therein. In the case of Davis v. First National Bank of Butler, 100 Okla. 190, 229 P. 228, it was held:

"If a motion for new trial, based on newly discovered evidence, filed in compliance with the statutes, is supported by exhibits which reasonably tend to bear out the allegations of the motion, and the new matters constitute a complete defense in law, the motion for new trial ought to be sustained, if it further appears that the defendant has been diligent in the investigation of matters pertaining to the action or his defense.

"Whether a new trial should be granted on the ground of newly discovered evi-

444

dence is determined principally by the consideration of the particular case, rather than by some general rule of law. Meeting the ends of substantial justice between and among the parties in the particular case, should largely control the action of the court in passing on the motion."

The granting of a new trial on the ground of newly discovered evidence rests largely in the discretion of the trial court. Missouri, K. & T. R. Co. v. Embrey, supra.

The fact that the motion was filed during the term at which the judgment was rendered authorized the court to act thereon at the subsequent term. Nichols v. Bonaparte, 171 Okla. 234, 42 P. (2d) 866.

Plaintiff contends that in this case the evidence regarding the publication of notice could have been discovered before the trial by the exercise of due diligence and by reason thereof the court committed error in granting a new trial. We find no merit in this contention. Counsel for defendants had a right to rely on the public records. The court found that the records were not properly kept and that after the trial of this cause it was accidentally discovered by a search of the files of the newspaper office that the publication notice was incorrect.

In the light of all the facts involved in this case, it does not appear that the trial court abused its discretion in granting a new trial.

The order granting new trial is affirmed.

WELCH, CORN, GIBSON, and HURST, JJ., concur.