SCOTT et al. v. NELSON et al.

No. 32646. April 1, 1947.

*179 P. 2d 116.*

Elm, Crowley & Musser, of Enid, and Floyd L. Croxton, of Cherokee, for plaintiffs in error.

J. Wilford Hill, of Cherokee, for defendants in error.

RILEY, J. This action was commenced by defendants in error, husband and wife, against Mary Ann Nelson Scott and S. A. Scott to cancel and set aside two deeds, one conveying certain farm land in Alfalfa county and the other conveying certain lots in the town of Jet, to their daughter, Mary Ann Nelson, now Scott. At the trial, the cause of

action involving the town lots was settled and dismissed.

Plaintiffs alleged the land was their homestead; that on January 11, 1941 they executed the deed conveying, without consideration, the farm land to defendant Mary Ann Nelson, now Scott, their daughter, reserving a life estate; that it was agreed between the parties at the time that the deed would not be recorded, but held among plaintiffs' papers, pending the event of the father, Oscar Nelson's death, and then the daughter Mary Ann would execute a deed conveying the land to the mother, Hun M. Nelson, and if at any time Oscar Nelson, the father, desired, the deed would be returned to him, and that Oscar Nelson, father, would retain sole ownership and control of the property during his lifetime. The deed to be effective only in the event of the father's death if he had not previously recalled it, and in any event, Mary Ann was to convey the premises to the mother. Plaintiffs alleged their demand for a reconveyance of the land, without avail. They plead that since terms of the agreement had been broken, a trust resulted.

Defendants admitted the execution and recordation of the deed, but as to all other allegations, they denied.

Defendants alleged, in cross-petition, that prior to the execution of the deed, plaintiffs, desiring to make a division of their property, but to retain the income from the land during their lifetimes, or that of either of them, executed the deed and conveyed without reservation the complete title to defendant Mary Ann, but that deed was not satisfactory because it did not retain to the grantors the income from the land, and thereafter plaintiffs requested the defendant Mary Ann to have a deed prepared which would properly execute the intention of the parties; that the deed in question was then prepared, executed by plaintiffs, and delivered to defendant Mary Ann with instructions to have it recorded, and this she did.

Defendants sought confirmation of the deed and a decree that plaintiffs have a life estate in the land with remainder vested in defendant Mary Ann Nelson Scott.

The trial court decreed plaintiffs to be the owners of the legal title and equitable estate; the deed in question was canceled. Title being quieted in plaintiffs, defendants appeal.

It is first contended, on appeal, that Hun M. Nelson was incompetent to testify. Section 385, O. S. 1941, Title 12. The statute provides that husband and wife are incompetent to testify for or against each other except concerning transactions in which one acted as agent of the other, or when they are joint parties and have a joint interest in the action. No decision is cited to sustain the contention.

Oscar Nelson and Hun M. Nelson, husband and wife, joined in the conveyance. They are joint parties to this action to avoid the deed. If the land was their homestead, the wife was a competent witness, though legal title may have been in the husband. Ludeman v. Armbruster, 196 Okla. 452, 165 P. 2d 835; Chicago, K. & Western R. R. Co. v. Anderson, 42 Kan. 297, 21 P. 1059.

Plaintiffs alleged the land to be their homestead. At the time the testimony of the wife was offered, Oscar Nelson had testified, by deposition, that the land was his homestead, or at least he claimed it as a homestead. However, his testimony was weakened somewhat on that point on cross-examination. The wife also testified that the land was plaintiffs' homestead. Defendants contend that under the record it is conclusively shown that the land was never the homestead of the plaintiffs. But, aside from the homestead character of the land, the wife was a competent witness in this case because she was a joint party with a joint interest, in that she joined in the deed, and was competent to testify in her own behalf.

In West & Russell v. Rawden, 33 Okla. 399, 130 P. 1160, it is held:

"The wife, jointly with her husband, signed certain deeds of warranty, conveying certain lands, which deeds were the evidence introduced tending to show in whom the title to said lands was vested. In a suit for the purchase price and to foreclose a statutory vendor's lien, she joined her husband, as party plaintiff, without objection. The defendants prayed for a judgment against husband and wife on their cross-petition for breach of warranty. *Held,* that the husband and wife were joint parties with a joint interest in the action, and that the wife, therefore, was competent to testify therein."

In Green v. Blancett, 179 Okla. 483, 66 P. 2d 911, the wife owned the land; she and her husband had executed a warranty deed to defendant; subsequently, they commenced a suit to have the deed declared a mortgage; the husband was a competent witness. This was so because the husband and wife had a joint interest as to the warranty of their deed. Turner v. Nicholson, 143 Okla. 45, 287 P. 396.

The evidence shows that the land was jointly acquired during coverture. In 1901 plaintiff Oscar Nelson entered a tract of land in Grant county under the U. S. Homestead Laws. Plaintiffs lived together on the land, "proved up on it," and perfected their title. In the year 1917 plaintiffs sold that farm and invested the proceeds in the land here involved.

It is contended that plaintiffs pleaded a resulting trust, but the trust, if any, as shown by the evidence was an express trust, and since it rested in parol, it was invalid under the statute of frauds. The authorities cited sustain the contention that an *express* trust in relation to real property is invalid unless in writing. A *resulting* trust arises as an equitable doctrine where the legal estate is transferred and no trust or use is expressly declared, nor any circumstance, or evidence of intent, appears to direct the trust or use, which then *results* or comes back to the original grantor.

From the terms of the disposition and the accompanying facts and circumstances, it appears here that the beneficial interest of the land was not intended to be enjoyed with the legal title. This trust is one implied. The trust results in favor of the grantor, deemed in equity to be the real owner. Bobier v. Horn, 95 Okla. 8, 222 P. 238.

In Bryant v. Mahan, 130 Okla. 67, 264 P. 811, under the third subdivision of 60 O. S. 1941 § 136, a resulting trust was said to arise out of the facts and circumstances by operation of law; and it was held that facts and circumstances may invoke application of the rule. A resulting trust is not within the statute of frauds. It may, therefore, be established by parol testimony, Id., and it was so established. Trimble v. Boles, 169 Okla. 228, 36 P. 2d 861. The evidence, though somewhat in conflict on unessential details, clearly shows a resulting trust. Defendant Mary Ann Nelson Scott admitted an agreement to reconvey; that in fact she once executed a deed reconveying the land to her mother, but this deed the defendant kept in her possession and under her control, although the defendant made and executed written evidence of the deed and deposited the memorandum in a bank's safety deposit.

Defendants' conduct as against plaintiffs, in efforts to compel dismissal of plaintiffs' action, does not inspire confidence in the weight and credibility of the daughter's testimony.

It is contended the court erred in the admission and exclusion of evidence. From our review of the record, we find no reversible error.

Affirmed.