Orlin DILL, d/b/a Dill Motors, Plaintiff in Error,

v.

Bruce MANER, Defendant in Error.

No. 36560.

Supreme Court of Oklahoma.

Sept. 27, 1955.

Kay Wilson, Jr., Muskogee, for plaintiff in error.

Pierce, Pierce & Brook, Muskogee, for defendant in error.

WILLIAMS, Vice Chief Justice.

Orlin Dill, doing business as Dill Motor Co., hereinafter referred to as plaintiff, brought this action on a promissory note against Bruce Maner, hereinafter referred to as defendant, in the City Court of Muskogee. Judgment was rendered for plaintiff and defendant appealed to the District Court of Muskogee County. Upon a trial to a jury in district court, verdict was returned and judgment rendered in

favor of defendant from which plaintiff appeals.

Plaintiff is a used-car dealer. In April of 1953, one of plaintiff's salesmen sold a 1941 model Ford to defendant. In payment for said car, defendant executed and delivered the promissory note sued on. Some ten days or so later defendant returned the car to plaintiff. Plaintiff refused to accept the car in discharge of the note, however, and defendant refused to make any payments on the note. After two installments on the note had become past due with nothing being paid thereon, plaintiff brought this action. The only defense pleaded by defendant was that he had tried the car out for about a week and found it not to be as represented, but useless for the purpose for which it was purchased. At the trial defendant's wife was permitted to testify, over plaintiff's objection, that plaintiff's salesman had made certain representations, the alleged breach of which constituted the defense relied on.

■ As his only assignment of error plaintiff contends that it is reversible error to permit a wife to testify for her husband as to matters essential to his defense except concerning transactions in which she acted as agent for her husband, personal injuries action, or when they are joint parties and have joint interest in the action. Such is undoubtedly the law in this jurisdiction. 12 O.S.1951 § 385, subd. 3; Hartsell v. Davis, 175 Okl. 446, 53 P.2d 261; Oklahoma Transp. Co. v. Owens, 204 Okl. 77, 226 P.2d 946; Buchanan v. Heeney, 167 Okl. 450, 30 P.2d 165; Oklahoma Natural Gas Co. v. Crenshaw, 91 Okl. 269, 217 P. 370; Fish v. Bloodworth, 36 Okl. 586, 129 P. 32.

■ Defendant contends that the wife was a competent witness because the pleadings and the evidence show she was the agent of the defendant. By virtue of the above-mentioned statute, however, the wife was only competent to testify concerning transactions in which she acted as defendant's agent. We find no evidence in the record of any transaction conducted by defendant's wife as his agent. Defendant's

own evidence and testimony reveal that defendant himself initiated the transaction by visiting plaintiff's place of business on two different occasions to inspect the cars there displayed and conversing with plaintiff and one of plaintiff's salesmen relative to the purchase of a car. After defendant's second visit, plaintiff's salesman went to defendant's home to attempt to sell him the car in which defendant had displayed some interest. Both defendant and his wife were present when the salesman called and both participated in the conversation which ensued. As a result of the visit the sale of the automobile to defendant was completed and defendant executed the note here sued on. It is apparently defendant's theory that the fact that defendant was purchasing the car for the purpose of providing his wife with a means of transportation to and from her place of work and that defendant and his wife had agreed between themselves that the payments on the note would be made from her salary and the further fact that defendant would not purchase the car without his wife's approval in some way constituted the wife his agent. The fact remains, however, that defendant's wife engaged in no transaction material to this case and there was therefore nothing concerning which she was competent to testify. Furthermore the testimony given by defendant's wife related to the occasion when plaintiff's salesman had called upon defendant to attempt to effectuate the sale, at which time defendant was personally present and the sale was in fact completed. In the second paragraph of the syllabus in Buchanan v. Heeney, supra [167 Okl. 450, 30 P.2d 166], we said:

"In the trial of a civil action the wife of a party may not qualify as a witness for her husband by claiming to have acted as the agent of the husband concerning transactions in which the husband was at the time present and acting for himself."

■ We conclude that the court erred in permitting defendant's wife, an incompetent witness, to testify. Since the testimony of such witness related to matters

vital to the issues and questions in dispute, the same cannot be considered harmless. Oklahoma Transp. Co. v. Owens, supra.

 Defendant also suggests that his wife had a joint interest in the outcome of the suit and that the trial judge permitted defendant to amend his pleadings to make his wife a party defendant and such wife was therefore a competent witness. Such suggestion is completely without merit. The action was brought against Bruce Maner alone, to recover on a promissory note signed by him alone. Nothing in the pleadings filed by either side even suggested a cause of action against Mrs. Maner. The record reveals that at the trial of the case, as a result of a question by the court as to what was alleged in defendant's answer, the following transpired:

"Mr. Earl Boyd Pierce: Well, in our answer we don't allege that she is personally a defendant or a signer of the note, and at that time I think we had a copy of the note before us. But I will ask your honor for permission to amend the answer to conform to the proof.

"The court: Very well.

"Mr. Earl Boyd Pierce: And may the pleadings be so treated as amended?

"The court: Oh, yes."

The foregoing is relied upon by defendant as supporting his assertion that his wife was made a party defendant and therefore became a competent witness. It appears to us that all the court did was grant defendant permission to amend the answer to conform to the proof. There was no proof introduced or offered, however, that Mrs. Maner had signed the note or was in any way liable thereon, and no evidence which would have justified making her a party defendant. Furthermore, even if Mrs. Maner had been made a party she would not have been made competent to testify in this case. The mere joining of a husband or wife with the other, as a party, does not render him or her competent to testify. He or she, as the case may be, must in fact have a joint interest in the action or must

have acted as the agent of the other, and such must be shown by the evidence. Green v. Blancett, 179 Okl. 483, 66 P.2d 911; Wood v. Livingston, 93 Okl. 72, 219 P. 377. As has already been indicated, there was no such evidence here.

The judgment is reversed and the cause remanded with instructions to grant plaintiff a new trial.

DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.

CORN, J., dissents.