**Dwight KUNZE and Helen Kunze, Plaintiffs in Error,**

**v.**

**Luther S. WILKERSON and Margaret Wilkerson, Defendants in Error.**

**No. 41282.**

Supreme Court of Oklahoma.

Jan. 31, 1967.

Shultz & Ivy, by Red Ivy, Chickasha, for plaintiffs in error.

Barney & Pain, Anadarko, for defendants in error.

IRWIN, Vice Chief Justice.

Defendants in error, who were plaintiffs in the trial court, instituted this quiet title action against plaintiffs in error, who are husband and wife and were defendants in the trial court. The parties will be designated herein as they appeared in the trial court.

Luther S. Wilkerson, the only plaintiff who appeared and testified in the trial court and the only plaintiff referred to herein, acquired title to a tract of land in Caddo County in September of 1961, and has ever since resided thereon. In July of 1962, defendants received a joint tenancy deed to this property from said plaintiff and placed it of record. Approximately two weeks later they acquired a corrective deed and placed it of record.

This action was for cancellation of the aforementioned deeds and to quiet plaintiff's title in said property as against said defendants. Plaintiff alleged that defendants received the deeds with the agreement and understanding they would merely hold title to the property for plaintiff and would reconvey same to him at any time upon his request; and thereafter, upon request, they refused to do so.

The matter was heard on the merits and the trial court entered judgment for plaintiff holding defendants took title to the property in trust for plaintiff; quieted plaintiff's title to the property and ordered a reconveyance of the property to plaintiff. Defendants were granted a lien on said property for services they performed for plaintiff. From the order overruling their motion for a new trial, the defendants have perfected this appeal.

## CONTENTIONS

Defendants contend that a valid warranty deed was executed and delivered to defendants; there was adequate consideration for the deed; the deed was made free and clear of any fraud, duress or misrepresentation on defendants' part; and that plaintiff did not come into court with clean hands.

Plaintiff contends the judgment of the trial court that defendants received the deeds in trust for the use and benefit of plaintiff, is sustained by the evidence.

## CONCLUSIONS

Plaintiff's petition alleged and the case was tried on the theory that defendants received and held title to said property in trust for plaintiff. The judgment of the trial court was rendered on this contention. Therefore, the basic question presented in this appeal is whether the record supports the judgment that defendants took title in trust for plaintiff.

Title 60 O.S.1961, Sec. 136 in part, provides:

"No trust in relation to real property is valid, unless created or declared:

"  *   *   *.

"3. By operation of law."

In Trimble v. Boles, 169 Okl. 228, 36 P.2d 861, plaintiff recovered some property previously conveyed by her. It was conveyed with the understanding it would be reconveyed to her when she recovered from her illness. Therein we held that resulting trusts, as distinguished from express trusts, may arise by operation of law, and may be presumed to exist where the intent appears or is inferred from the accompanying facts and circumstances that the beneficial interest is not to be enjoyed with the legal title; and that fraud is not an essential element in establishing a resulting trust. See also, Beall v. Fergeson,

177 Okl. 216, 58 P.2d 598; and Scott v. Nelson, 198 Okl. 392, 179 P.2d 116.

■ Although the evidence is in conflict, plaintiff introduced evidence which may be briefly summarized thusly: Plaintiff is 74 years old and has lived on this farm ever since he purchased it. The house which was located thereon burned and plaintiff was living by himself in one end of the turkey shed. Defendants never did live on this farm but rented a place 18 miles away. Plaintiff was under the impression a feed company might try to take this property because of a bill for turkey feed. He was the uncle of Helen Kunze, one of the defendants, and he deeded the farm to her and her husband with the understanding they would deed it back to him when he desired. Defendants paid plaintiff nothing for this deed. Plaintiff asked defendants to reconvey the property to him so he could apply for a loan with which to build a house on the farm but defendants refused to do so. Prior to this action plaintiff ordered the defendants to never come back on the place. The mother of defendant Helen Kunze testified that defendants told her plaintiff transferred the farm to them in trust and when he asked for the place back they would reconvey it back to him the day he asked for it. The brother of defendant Helen Kunze also testified to the above statements. There was a great deal of testimony regarding plaintiff's having planted various crops and raised many turkeys; that defendants apparently sold most of the turkeys and other items from plaintiff's farm. Elaboration on such matters is not necessary since it applies more to the amount of the lien granted defendants and that is not an issue in this appeal.

■ This was an equitable action tried to the court and in White v. Morrow, 187 Okl. 72, 100 P.2d 872, we stated that a court, like a jury, in weighing evidence, is guided largely by the appearance and demeanor of the witness on the witness stand, and considers the interest or lack of interest, the intelligence or lack of intelligence, the bias or lack of the same, the relation and opportunities of seeking and knowing the matters and things of and concerning which the witness testifies, etc.; that on review of testimony in this Court all these important criteria and details are wanting. In Brown v. Greever, Okl., 379 P.2d 689, we held that the findings of a district court in a case of equitable cognizance will not be disturbed on appeal simply because there is a conflict in the testimony, or for the reason that it is possible to draw another conclusion from the evidence.

The trial court specifically found in its Journal Entry of Judgment that the "deeds from plaintiff to defendants were made in trust for the use and benefit of plaintiff". Applying the above principles of law to the record in the case at bar, we can only conclude the judgment should be affirmed.

■ Defendants also argue that plaintiff does not come into a court of equity with clean hands, because he allegedly transferred this farm to defendants so as to prevent the feed company from taking it for a feed bill. In Teuscher v. Gragg, 136 Okl. 129, 276 P. 753, 66 A.L.R. 143, we said the clean hands maxim is confined to misconduct in regard to, or at all events in connection with, the matter in litigation, so that it in some way affects the equitable relations subsisting between the two parties and arising out of the same transaction; that this maxim means a clean record with respect to the transaction with defendant, and not with respect to any third person.

Judgment affirmed.

All the Justices concur.