Charles E. BRANHAM, Personal Representative of the Estate of Lila Wright Branham, Deceased, Appellant,

v.

Georgia B. SMITH, Appellee,

Stifel, Nicolaus & Company, Inc., a Corporation, Defendant.

No. 78143.

Court of Appeals of Oklahoma, Division No. 1.

Nov. 3, 1992.

Certiorari Denied March 17, 1993.

James W. Dawson, Oklahoma City, for appellant.

Brigid F. Kennedy, Looney, Nichols, Johnson & Hayes, Oklahoma City, for appellee.

## MEMORANDUM OPINION

ADAMS, Presiding Judge:

The issue in this appeal is whether assets in a joint tenancy account at Stifel, Nicolaus & Company are the sole property of Appellee (Smith) as a surviving joint tenant, or whether they are assets of the estate of Lila Wright Branham, deceased. The trial court held the account had been established with full knowledge of the ramifications of placing the assets in a joint tenancy, and entered judgment in favor of Smith.

Appellant (Branham) argues the assets were held in trust by Smith and are part of the estate of their mother. He also claims the trial court erred in awarding Smith attorney fees and costs. Smith counter appeals, arguing the trial court erred in only awarding a portion of her fees and costs.

Branham, as Personal Representative of the Estate of Lila Wright Branham, filed an action to restrain Smith from obtaining bonds held by defendant Stifel, Nicolaus & Company and sought to impose a trust on the bonds in favor of the estate. He also sought to impose a trust on other assets,

allegedly withdrawn from the joint account, he claims Smith had in her possession.

The trial court held Branham understood the legal implications of placing the assets in joint tenancy and that Smith, as the surviving joint tenant, was entitled to those assets. In so holding, the trial court focused solely on the following line of reasoning: (1) Branham was his mother's agent; (2) he was aware of the legal implications of setting up joint tenancy accounts; (3) she apparently either approved of or acquiesced in the setting up of the joint tenancy accounts; and (4) because the joint tenancy accounts were intentionally and intelligently created, she was also bound by the legal ramifications of setting up such accounts.

■ We will not disturb the judgment of the trial court when, acting in equity, its judgment is not against the clear weight of the evidence. *Presgrove v. Robbins*, 451 P.2d 961 (Okla.1969). But, where the conclusions reached by the trial court are against the clear weight of the evidence, we have the right and duty to set aside the judgment of the trial court and render the judgment which should have been rendered below. *Peyton v. McCaslin*, 417 P.2d 316 (Okla.1966).

The trial court's analysis in this case is correct in so far as it goes, but the trial court did not address the second question presented for its determination. Did Smith hold those assets not only as a survivor, but also as a trustee? Based on the uncontroverted evidence, we hold that she did, and reverse the judgment in Smith's favor.

■ Where a joint tenancy is founded upon express written documentation, there can be no question as to the creation of the relationship. *Raney v. Diehl*, 482 P.2d 585 (Okla.1971). However, the mere fulfillment of the formal requisites of setting up a joint tenancy is not the end of the inquiry. Although a joint tenant presumptively is entitled to the whole of the assets upon becoming the survivor, where, as here, all the assets were contributed by the deceased joint tenant, the presumption may be rebutted by showing there was no valid inter vivos gift, the donor did not part with dominion over the property during her lifetime, and the survivor holds the property in trust. *Flesher v. Flesher*, 258 P.2d 899 (Okla.1953).

■ A resulting trust arises when the legal estate to property is acquired without fraud or violation of a fiduciary duty, and an intent appears by the terms of the disposition or may be inferred from accompanying facts and circumstances that the beneficial interest is not to go or to be enjoyed with the legal title. *Littlefield v. Roberts*, 448 P.2d 851 (Okla.1968). A resulting trust is implied or results in favor of the one for whom the equitable interest is assumed to have been intended, and equity deems the intended owner to be the real owner. *Cacy v. Cacy*, 619 P.2d 200 (Okla.1980). Fraud is not an essential element in establishing a resulting trust. *Kunze v. Wilkerson*, 426 P.2d 340 (Okla.1967). The onus of establishing a resulting trust is on the one seeking its enforcement, and it must be proved by clear, unequivocal and decisive evidence. *Littlefield*, 448 P.2d at 856.

■ Branham testified that following the death of his father in 1961 he began to manage his mother's assets. In 1981 he opened a joint tenancy account with Stifel, Nicolaus naming himself and his mother as owners so that he could buy and sell her property. He opened another joint tenancy account, naming his mother and Smith as owners in 1986. All the assets in these accounts were contributed by his mother.

With the exception of one investment made by his mother, all account transactions were directed by Branham. Smith executed several blank power of attorney forms which Branham used to manage the accounts. Smith testified she was aware of the existence of accounts with Stifel, Nicolaus, but did not know the identity of the assets in the accounts. Branham made all the investment decisions.

Smith claimed she thought all of the joint tenancy assets would be hers upon her mother's death, but admitted Branham had explained that the reason he was setting the accounts up was so that they could

reach the assets in the event of either their mother's death or incapacity or Branham's death or incapacity. Smith also admitted she did not exercise any control over the assets during her mother's lifetime.

Based upon the evidence adduced, the trial court did not err in finding a joint tenancy was created between Smith and her mother. Smith's ownership interest in property held in the joint tenancy account was created at the inception of the tenancy. *Clovis v. Clovis*, 460 P.2d 878 (Okla.1969). However, Branham presented clear, convincing, and uncontroverted evidence Smith was to hold the assets in trust for her mother's benefit and the benefit of her mother's estate. The trial court erred in not addressing the trust issue and disregarding this uncontroverted evidence.

We reverse the judgment in favor of Smith and enter the order which should have been entered by the trial court. The assets in the joint tenancy account were held by Smith as trustee of a resulting trust. Because we reverse the trial court finding in favor of Smith and find she holds the assets of the joint tenancy account in trust for her mother's estate, Smith's award of attorney fees also is reversed. Her entitlement to an attorney fee award was predicated solely upon the fact she had been wrongfully restrained from dealing with her own property. Smith's counter appeal is moot.

REVERSED.

GARRETT and JONES, JJ., concur.